UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEASECO, LC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWESTERN FURNITURE OF WISCONSIN, LLC, a Wisconsin Limited Liability Company; ASHLEY HOMESTORES, LTD., a Wisconsin Corporation; and ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin Corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:09-CV-01019-LDG-RJJ<br><br>**ORDER ON LEASECO, LC'S MOTION TO COMPEL DEFENDANTS SOUTHWESTERN FURNITURE OF WISCONSIN, LLC, ASHLEY HOMESTORES, LTD. TO FULLY RESPOND TO LEASECO, LC'S WRITTEN DISCOVERY INCLUDING REQUESTS RELATED TO ALTER EGO CLAIMS (#42)** |

This matter came before the court on Plaintiff's Motion to Compel Defendants Southwestern Furniture of Wisconsin, LLC, Ashley HomeStores, Ltd., and Ashley Furniture Industries, Inc. to Fully Respond to Leaseco, LC's Written Discovery Including Requests Related to Alter Ego Claims (the "Motion to Compel") (#42).  Having considered the memoranda and other materials submitted by the parties, the Court being sufficiently advised, and good cause appearing therefore, the Court hereby ORDERS as follows:

/ / /

/ / /

/ / /

/ / /

**I.** **Defendants Southwestern Furniture of Wisconsin, LLC ("Southwestern") and Ashley HomeStores, Ltd. ("Ashley HomeStores") are ordered to produce the following categories of documents within 60 days from the date this Order is entered:[1]**

1. Copies of Your original Articles of Organization and/or Articles of Incorporation, including any amendments thereto, bylaws, Operating Agreement, including any amendments thereto, minutes of meetings of directors, shareholders, managers, and/or members, stock transfer ledger or membership share registers, and all stock and/or membership interest certificates for the date of Your inception through the present.

2. Correspondence, whether written or electronic, between Your officers and directors and any other defendant to this action regarding or concerning AFI's, Southwestern's and/or Ashley HomeStores' Las Vegas business operations, including but not limited to the lease or performance under the lease for the Rainbow Ridge or Shadow Mountain store locations, from July 1, 2000 through the present.

3. Any contracts or written agreements between You and any other defendant to this action regarding AFI's, Southwestern's and/or Ashley HomeStores' business in Las Vegas entered into during the period July 1, 2000 through the present, not including purchase orders or other routine transactions regarding the sale of furniture or furniture inventory.

4. Documents evidencing any loans that You received from AFI between July 1, 2000 through the present including, for each such loan, documents evidencing the date of the loan, the amount of the loan, whether there was a credit application or other evidence of creditworthiness, whether there was a written loan agreement, promissory note or similar document, the date and

---

[1] Unless otherwise stated herein, the definitions and instructions in Leaseco, LC's written discovery requests apply to this Order.

amount of each payment the borrower has made to AFI on the loan, the interest rate, if any, and the balance still owed to AFI, if any.

5. Documents evidencing any guaranty for or co-signing of any obligation of Yours by AFI from July 1, 2000 through the present.

6. Copies of all documents evidencing any transfers of money, property or assets from AFI to You from July 1, 2000 through the present, not including transfers related to sales of furniture or furniture inventory.

7. Copies of all documents evidencing the forgiveness of any debts or obligations of Yours by AFI from July 1, 2000 through the present, not including credits for furniture purchases or sales.

8. Documents evidencing any debts or obligations of Yours that AFI paid directly from its own accounts, including the time and place of each such transaction, the amount of the debt or obligation in each instance, arrangements for repayment by You, if any, whether repayment was made, and the date of repayment from July 1, 2000 through the present.

9. Documents and correspondence related to the Assignments and Assumptions of Lease for the Rainbow Ridge store location at issue in this dispute.

10. Documents evidencing any real property currently owned or leased by You in Clark County, Nevada, including the terms of any lease agreements to which You are a party.

11. Copies of all license or franchise agreements presently in effect between You and any other party to this lawsuit related to the operation of any Ashley Furniture HomeStore.

12. Copies of Your audited financial statements and, if audited statements for 2009 are not available, the preliminary statements, and profit and loss statements, from 2001 through the present.

13. Copies of Your federal income tax returns, including all schedules and attachments, filed for tax years 2001 through the present.

**II.     Southwestern is further ordered to produce the following categories of documents within 60 from the date this Order is entered:**

1. Documents that evidence any funding or contribution of any kind either received by You from AFI or that AFI paid to any other person or entity on Your behalf for the lease or build out of the Ashley Furniture Homestore presently located in Shadow Mountain Marketplace.

2. Documents evidencing any ownership interests, including the identity of the entity or individual owning such interest, held in the Ashley Furniture Homestore presently located in Shadow Mountain Marketplace.

**III.     Leaseco's Requests for Production No. 5, 6, 7, and 10 as modified in Leaseco's letter to Lauren Shurman dated November 12, 2009 and listed below, are withdrawn:**

1. Request No. 5 (Withdrawn): Produce any and all documents that you received from, sent or remitted to AFI or Southwestern during the time period June 1, 1997 through the present, concerning AFI's, Southwestern's, and/or Ashley HomeStores' business in Las Vegas including, but not limited to invoices, delivery receipts, purchase orders, checks, wire or electronic transfers, bookkeeping transfers, cash receipts, letters, demands for payment, liens, lien releases, contracts, agreements, e-mails, facsimiles, etc.

2. Request No. 6 (Withdrawn): Produce any and all documents evidencing or related to payments made by you to AFI or Southwestern during the time period June 1, 1997 through the present including, but not limited to checks, canceled checks, wire or electronic transfers, bookkeeping transfers, bank statements, etc. concerning AFI's, Southwestern's, and/or Ashley HomeStores' business in Las Vegas.

3. Request No 7 (Withdrawn): Produce any and all documents that

you received from, sent or remitted to any third parties that concern AFI's, Southwestern's, and/or Ashley HomeStores' business in Las Vegas during the time period June 1, 1997 through the present, including, but not limited to proposals, invoices, delivery receipts, purchase orders, checks, wire or electronic transfers, bookkeeping transfers, cash receipts, letters, demands for payment, liens, lien releases, contracts, agreements, e-mails, facsimiles, etc.

4. Request No. 10 (Withdrawn): Produce copies of all documents evidencing or concerning any goods or services sold by AFI to [You] for sale, resale, or use in Las Vegas during the time period June 1, 1997 through the present.

**IV.    Southwestern and Ashley HomeStores are ordered to respond to the following Interrogatories within 60 days from the date this Order is entered:**

1. Identify each stockholder or member in Your company since July 1, 2000, including the number of shares or percentage of ownership interest held.

2. Identify Your officers, directors and/or managers since July 1, 2000 and for each such officer, director, or manager, state his or her last known home and business address, the office(s) or position(s) held and the applicable dates, and any compensation paid to that person.

3. To Your knowledge, has any person identified in No. 2 immediately above ever served as an officer, director, managing member or management level employee of AFI? For each such person, provide full name, last-known home address and telephone number, last-known business address and telephone number, the office(s) or position(s) held and the applicable dates.

4. Identify any loans You have received from AFI since July 1, 2000, including the amount of any balances still owed.

5. Identify any guaranty or cosigning by AFI of any obligation of Yours since July 1, 2000, including identity of the lender or creditor, business address and telephone number, the nature and amount of the obligation, the date

on which AFI guarantied or cosigned the obligation, and whether the lender or creditor sought payment from AFI of the guarantied or cosigned obligation.

6. For each calendar or fiscal year since July 1, 2000, describe the goods and services You purchased or received from AFI, including the dollar amount or value of the goods and services, the percentage of Your total purchases which are attributable to transactions with AFI, the actual amount paid, and the processes and procedures by which You purchase or receive those goods and services.

7. Identify any transfers of money, assets, or property to You from AFI other than loans, advances, purchases, or sales since July 1, 2000.

8. Identify any instances since July 1, 2000 in which AFI has forgiven any debt that You owed to AFI, including the amount of the debt, the amount of the debt forgiven, and the date on which the debt was forgiven.

9. Have You held any meetings of directors, shareholders, managers, and/or members since July 1, 2000?  If so, for each such meeting, state the date and location of each meeting and the identity of each person in attendance.

10. Identify all contracts and agreements between You and AFI entered into since July 1, 2000, whether written or oral, excluding contracts and agreements relating to purchases and sales.

11. Identify any agreements, whether written or oral, between You and AFI entered into since July 1, 2000 in which AFI has agreed to assume any debts or obligations belonging to You.

12. Identify each of Your incorporators and/or organizers, including name and last known address.

13. Identify any transactions or decisions made by or entered into by You that were overruled by AFI related to Your business management and operations in Clark County, Nevada.

14. Identify any real property that You currently own or lease in Clark County, Nevada, including the address of the property, the date the property was purchased or leased, and the identity of any person or entity that jointly owns or leases the property with You.

15. Identify any bank accounts that You have maintained in Your own name for Clark County, Nevada business operations since July 1, 2000, including the account number, account name, and name of the financial institution.

16. Has any debt or obligation of Yours and/or former officers, directors, managers, and/or employees been paid by AFI or from AFI's accounts since July 1, 2000 through the present? If yes, state the time and place of each such transaction, the amount of the debt or obligation in each instance, arrangements for repayment by You, if any, whether repayment was made, and the date of repayment.

**V.    Defendant Ashley Furniture Industries ("AFI") is ordered to produce the following categories of documents:**

1. Produce the documents you rely upon to support any defense, claim or counterclaim you may assert in this matter.

2. Produce copies of your stock transfer ledger or share register, any stock certificates issued during the existence of AFI as a corporation, and minutes of director or shareholder meetings during the time period from July 1, 2000 through present, that reference Southwestern or Ashley HomeStores.

3. Produce correspondence between or among You and any defendant in this case, or any other person or entity whether written or electronic, concerning Southwestern or Ashley HomeStores' Las Vegas business operations during the time period July 1, 2000 through the present. This request does not include routine correspondence regarding the individual purchase and/or sale of inventory transactions in the ordinary course of business

4. Produce correspondence, whether written or electronic, between You and Southwestern and between You and Ashley HomeStores concerning AFI's, Southwestern's, and/or Ashley Homestores' business in Las Vegas during the time period July 1, 2000 through the present. This request does not include routine correspondence regarding the individual purchase and/or sale of inventory transactions in the ordinary course of business.

5. Produce documents evidencing or related to payments made by You to Southwestern or Ashley HomeStores during the time period July 1, 2000 through the present including, but not limited to checks, canceled checks, wire or electronic transfers, bookkeeping transfers, bank statements, etc. concerning AFI's, Southwestern's, and/or Ashley HomeStores' business in Las Vegas. This request does not include routine documents regarding the individual purchase and/or sale of inventory transactions in the ordinary course of business.

6. Produce documents that you received from, sent or remitted to any third parties that concern AFI's, Southwestern's, and/or Ashley HomeStores' business in Las Vegas during the time period July 1, 2000 through the present, including, but not limited to proposals, liens, lien releases, contracts and agreements

7. Produce copies of all documents evidencing or related to loans from AFI to Southwestern or Ashley HomeStores during the time period July 1, 2000 through the present.

8. Produce copies of all documents evidencing or related to any guaranty for or co-signing of any obligation by AFI of either Southwestern or Ashley HomeStores during the time period January 1, 2000 through the present.

9. Produce copies of all documents evidencing or concerning any money, asset or property transfers during the time period July 1, 2000 through the present from AFI to Southwestern or Ashley HomeStores.

10. Produce copies of all documents evidencing or related to debts or obligations of Southwestern or Ashley HomeStores forgiven by AFI during the time period July 1, 2000 through the present.

11. Produce copies of all documents evidencing or related to debts or obligations of Southwestern or Ashley HomeStores paid by AFI from AFI's own accounts during the time period July 1, 2000 through the present.

12. Produce copies of all documents relied upon, supporting, referred to or in any way related to your Answer to Interrogatory No. 17 in Plaintiff/Counterdefendant Leaseco, LC's First Set of Interrogatories to Defendant Ashley Furniture Industries, Inc.

13. Produce copies of all documents relied upon, supporting, referred to or in any way related to your Answer to Interrogatory No. 18 in Plaintiff/Counterdefendant Leaseco, LC's First Set of Interrogatories to Defendant Ashley Furniture Industries, Inc.

14. Produce copies of all documents relied upon, supporting, referred to or in any way related to your Answer to Interrogatory No. 19 in Plaintiff/Counterdefendant Leaseco, LC's First Set of Interrogatories to Defendant Ashley Furniture Industries, Inc.

15. Please produce copies of all documents relied upon, supporting, referred to or in any way related to your Answer to Interrogatory No. 20 in Plaintiff/Counterdefendant Leaseco, LC's First Set of Interrogatories to Defendant Ashley Furniture Industries, Inc.

16. Please produce copies of all documents relied upon, supporting, referred to or in any way related to your Answer to Interrogatory No. 21 in Plaintiff/Counterdefendant Leaseco, LC's First Set of Interrogatories to Defendant Ashley Furniture Industries, Inc.

17. Produce copies of all license agreements between AFI and any licensees of franchisees that presently operate an Ashley Furniture Homestore.

18. Produce copies of all documents related to complaints AFI made to police and police reports related to any crimes ever alleged to have been committed against AFI or any of its employees at Ashley Furniture HomeStore formerly located at 3130 North Rainbow Boulevard, Las Vegas, Nevada.

**VI.    The Parties agree that Leaseco's requests for production No. 5, 10 and 19 as modified in Leaseco's letter to Jacquelyn Leleu dated November 10, 2009 and listed below, are withdrawn:**

1. Request No. 5 (Withdrawn): Produce any and all documents that you received from, sent or remitted to Southwestern or Ashley HomeStores during the time period June 1, 1997 through the present, including, but not limited to invoices, delivery receipts, purchase orders, checks, wire or electronic transfers, bookkeeping transfers, cash receipts, letters, demands for payment, liens, lien releases, contracts, agreements, e-mails, facsimiles, etc. concerning AFI's, Southwestern's, and/or Ashley HomeStores' business in Las Vegas.

2. Request No. 10 (Withdrawn): Produce copies of all documents evidencing or related to any goods or services sold by AFI to either Southwestern or Ashley HomeStores for sale, resale, or use in Las Vegas during the time period June 1, 1997 through the present.

3. Request No. 19 (Withdrawn): Produce copies of your corporate federal income tax returns, including all schedules and attachments, filed for tax years ending July 1, 2000 through the present.

**VII.    AFI is ordered to respond to the following interrogatories:**

1. Identify the name(s) and titles(s) of all persons who were consulted or participated in any way in answering and/or preparing the answers of these interrogatories.

2. State each registered trade name, d/b/a name or popular name under which AFI does business or has done business since July 1, 2000, and for each such name provide the business address.

3. State whether AFI presently has or at any time since January 1, 2001 through the present has had any ownership interest in Southwestern or Ashley HomeStores and for any such ownership interest, state the consideration paid or promised for the share(s)/ownership interest and the date(s) on which it was paid or promised, for a corporation, the number of shares owned and the percentage of shares owned as measured against the total outstanding shares of the corporation, and for any type of entity other than a corporation, the ownership share as a percentage of total ownership.

4. Identify each person who has served as an officer of director of AFI at any time since July 1, 2000 and for each such person, state their full name, the office(s) held and the applicable dates.

5. Has any person identified in your answer to Interrogatory No. 4 ever served as an officer, director, managing member, or management level employee of either Ashley Homestores or Southwestern?  If so, please state their full name and the office(s) or position(s) held and applicable dates.

6. Has AFI loaned money to either Ashley Homestores or Southwestern during the time period July 1, 2000 through the present?  If so, for each such loan, state the identity of the corporation, or entity to which the loan was made, the date of the loan, the amount of the loan, whether there was a credit application or other evidence of creditworthiness, whether there was a written loan agreement, promissory note or similar document, the date and amount of each payment the borrower has made to AFI on the loan, the interest rate, if any, and the balance still owed to AFI, if any.

7. Did AFI guaranty or cosign any obligation of either Southwestern or Ashley HomeStores or any business enterprise affiliated with Southwestern or Ashley HomeStores during the time period July 1, 2000 through the present?  If so, for each such action, state the identity of the corporation, entity or person for whom AFI guaranteed or cosigned the obligation, the identity of the lender

including business address and telephone number, the nature and amount of the obligation, and the date on which AFI guaranteed or cosigned the obligation.

8. Other than loans, advances or sales or purchases identified in AFI's answers to previous Interrogatories, has AFI transferred money, assets or property to Southwestern or Ashley HomeStores or any business enterprise affiliated with Southwestern or Ashley HomeStores during the time period July 1, 2000 through the present? If so, for each such transfer, state the identity of the transferee including full name, business address and telephone number, the date of the transfer, a brief description of what was transferred, its fair market value, consideration received by AFI, if any, and AFI's reasons for making the transfer.

9. Has AFI ever forgiven any debts owed to it by Southwestern or Ashley HomeStores or any business enterprise affiliated with Southwestern or Ashley HomeStores during the time period July 1, 2000 through the present? If so, for each such debt, state the identity of the corporation or entity indebted to AFI, the amount of the debt, the amount of debt forgive, the date on which the debt was forgiven, and AFI's reason for forgiving the debt.

10. Has AFI used money from its own accounts to pay any debt or obligation of Southwestern or Ashley HomeStores during the time period July 1, 2000 through the present? If yes, state the time and place of each such transaction, the amount of the debt or obligation in each instance, arrangements for repayment, whether the transaction was approved by an action of AFI's board of directors, whether any resolution of the Board of Directors was passed approving the transaction, and whether the transaction is reflected in the minute books of AFI.

11. Has AFI held any board of directors or shareholders meetings since July 1, 2000? If so, for each such meeting, state the date, time and location of the meeting and the identity of each person in attendance at the meeting.

12. Has AFI been a party in any litigation commencing on or after July 1, 2000 where Southwestern or Ashley HomeStores was also a party to the litigation, or where the subject matter of the litigation concerned or was related to Southwestern or Ashley HomeStores ? If so, for each such action, state whether AFI was a plaintiff or defendant, the identity of each co-party and opposing party including name, address, and telephone number, the identity and address of the court in which the suit was filed, the case number, the general nature of the allegations and the relief requested, the name, business address and telephone number of all other parties' attorneys, and, the outcome of the action.

13. State the name, home address and telephone number, and business address and telephone number of each person who has given AFI a written or recorded statement related to any aspect of this action.

14. Did AFI or any of its officers, directors, shareholders, employees, or any other of its agents or representatives participate in or have any involvement related to negotiation of the terms or execution of the Assignment and Assumption of Lease produced in Leaseco's Initial Disclosures in Compliance with FRCP 26(a) at Bates Nos. LEAS-01-000172 to LEAS-01-000177?  If yes, state the identity of each person having such participation or involvement including his business address and telephone number, the substance and nature of that person's involvement or participation, and the date(s) of such involvement or participation.

15. Did AFI or any of its officers, directors, shareholders, employees, or any other of its agents or representatives participate in or have any involvement related to negotiation of the terms or execution of Southwestern's lease agreement with Shadow Mountain Marketplace (evidenced in Leaseco's Initial Disclosures in Compliance with FRCP 26(a) at Bates Nos. LEAS-01-000475 to LEAS-01-000482?) If yes, state the identity of each person having such participation or involvement including his business address and telephone number, the substance

1   and nature of that person's involvement or participation, and the date(s) of such
2   involvement or participation.
3       16.    Did AFI or any of its officers, directors, shareholders, or
4   management-level employees provide any funding or contribution of any kind
5   towards the establishment, lease agreement, build-out or operation of the Ashley
6   Furniture Homestore presently located in Shadow Mountain Marketplace.
7       17.    Has AFI or any of its officers, directors, shareholders, or
8   management-level employees ever held any ownership interest in or owned any
9   portion of the Ashley Furniture Homestore presently located in the Shadow
10  Mountain Marketplace?  If yes, fully describe the ownership interest, including
11  but not limited to, dates and amounts of such ownership interest and any
12  consideration or contribution paid.
13  **VIII.   The Parties agree that Leaseco's Interrogatories 8, 12, 13 and 16 as modified**
14  **in Leaseco's letter to Jacquelyn Leleu dated November 10, 2009 and listed below, are**
15  **withdrawn:**
16      1.    Interrogatory No. 8 (Withdrawn):  Has AFI sold goods or services
17  to either Southwestern or Ashley HomeStores or any business enterprise or person
18  affiliated with Southwestern or Ashley HomeStores? If so, state the general nature
19  of the goods or services provided, the identity of the corporation, entity or person
20  to whom the goods or services were provided, the total invoice amount for such
21  goods during each applicable year, the total amount paid by the corporation, entity
22  or person for such goods or services during each applicable year, and the
23  percentage of AFI's total sales attributable to transactions with Southwestern or
24  Ashley HomeStores or any business enterprise or person affiliated with
25  Southwestern or Ashley HomeStores during each applicable year.  The timeframe
26  for this request shall be limited to the time period from June 1, 1997 through the
27  present.
28

2. Interrogatory No. 12 (Withdrawn): Has AFI filed federal tax returns since July 1, 2000? If so, for each such return, state the identity of the person who prepared the returns, including their business address and telephone number, whether the return was consolidated with the federal tax return of any other corporation or entity and, if so, the identity of each such corporation or entity.

3. Interrogatory No. 13 (Withdrawn): Since July 1, 2000, has any person prepared a balance sheet, income (profit & loss) statement, cash statement or annual report concerning AFI's financial activities? If so, for each such person, state the identity of the person including business address and telephone number, the documents prepared by the person and the dates of preparation, the current location of the documents and the identity of the person with custody of the documents.

4. Interrogatory No. 16 (Withdrawn): Identify each and every document that contains, reflects or refers, in whole or in part, to each agreement, whether in writing or oral, between AFI and Southwestern or Ashley HomeStores from July 1, 2000 through the present. State the entity with which AFI has the agreement, the date and by whom each such documents was executed and the circumstances surrounding such execution including whether the agreement was written or oral, the substance of each agreement, the date of each agreement, the persons who participated or who have knowledge or information related to each agreement, the dollar amounts of each agreement, and the unit price or method for pricing the labor or materials in each agreement. This request does not include routine documents regarding the individual purchase and/or sale of inventory transactions in the ordinary course of business.

**IX.** Nothing in this Order shall limit the parties' ability to designate information or documents as "Confidential" pursuant to the terms of the Stipulated Protective Order entered in

/ / / /

1  this case or to object to producing documents or information on the grounds of the attorney-
2  client or other applicable privileges.
3  **IT IS SO ORDERED**:
4  DATED: SEPEMBER 20TH, 2010.

_____
U.S. MAGISTRATE JUDGE